

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

## NO. 02-16-00468-CV

IN THE MATTER OF D.W.

----------

FROM THE 323RD DISTRICT COURT OF TARRANT COUNTY
TRIAL COURT NO. 323-103885-16

----------

## MEMORANDUM OPINION[1]

----------

The trial court adjudicated Appellant D.W. delinquent for the felony offense of aggravated assault with a deadly weapon and, after a disposition hearing, ordered her committed to the Texas Juvenile Justice Department for an indeterminate sentence.

D.W.'s court-appointed appellate attorney has filed a motion to withdraw as counsel and a brief in support of that motion, averring that after diligently reviewing the record, he believes that this appeal is frivolous. *See Anders v.*

---

[1]*See* Tex. R. App. P. 47.4.

*California*, 386 U.S. 738, 744–45, 87 S. Ct. 1396, 1400 (1967). The brief meets the requirements of *Anders* by presenting a professional evaluation of the record and demonstrating why there are no arguable grounds to be advanced on appeal. Although given the opportunity, D.W. did not file a response, and the State did not submit a brief.

Once an appellant's court-appointed attorney files a motion to withdraw on the ground that the appeal is frivolous and fulfills the requirements of *Anders*, this court is obligated to undertake an independent examination of the record. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *Mays v. State*, 904 S.W.2d 920, 922–23 (Tex. App.—Fort Worth 1995, no pet.). Only then may we grant counsel's motion to withdraw. *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

Having carefully reviewed the record and the *Anders* brief, we agree that this appeal is frivolous. We find nothing in the record that might arguably support D.W.'s appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827 (Tex. Crim. App. 2005). Therefore, we affirm the trial court's judgment.

Ordinarily, upon finding that the appeal is frivolous, we would grant counsel's motion to withdraw. But in *In re P.M.*, a termination of parental rights appeal, the supreme court held—in reliance on family code section 107.013, which provides that appointed counsel continues to serve in that capacity until the date all appeals are exhausted or waived—that the mere filing of an *Anders* brief in the court of appeals does not warrant the withdrawal of that counsel for

2

purposes of proceeding in the supreme court. 520 S.W.3d 24, 26–27 (Tex. 2016). The Juvenile Justice Code contains a similar provision: when, as in this case, the trial court finds a child's family indigent and appoints counsel, that counsel must continue to represent the child "until the case is terminated, the family retains an attorney, or a new attorney is appointed by the juvenile court." Tex. Fam. Code Ann. § 51.101(a) (West Supp. 2016). The record does not show that either of the latter two events have occurred here, and under the reasoning in *P.M.*, this case has not "terminated" because not all appeals have been exhausted. *See* 520 S.W.3d at 26–27. Accordingly, even though we have affirmed the trial court's judgment, we deny counsel's motion to withdraw. *See In re A.H.*, No. 02-16-00320-CV, 2017 WL 1573735, at *1 (Tex. App.—Fort Worth Apr. 27, 2017, no pet.) (holding similarly).

/s/ Bill Meier
BILL MEIER
JUSTICE

PANEL: WALKER, MEIER, and GABRIEL, JJ.

DELIVERED: October 26, 2017